STATE OF LOUISIANA

VERSUS

BYRON FRANKLIN

NO. 24-K-501

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

November 14, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE RAYMOND S. STEIB, JR., DIVISION "A", NUMBER 22-822

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

**WRIT DENIED**

On February 22, 2022, the Jefferson Parish District Attorney's Office ("the State") charged the defendant/respondent, Byron Franklin, with one count of manslaughter in violation of La. R.S. 14:31. On October 8, 2024, the State filed a motion requesting a special jury charge: "Manslaughter is the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm." The trial court denied the State's motion after a hearing on October 10, 2024, and the instant writ application followed.

La. R.S. 14:31(A)(1) defines the offense of manslaughter as follows:

A. Manslaughter is:

(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed;

The State's proposed jury charge closely follows the definition found in La. R.S. 14:30.1, the second degree murder statute:

A. Second degree murder is the killing of a human being:

> (1) When the offender has a specific intent to kill or to inflict great bodily harm;

The State argued in its motion that the special jury instruction is correct given:

> (1) the State has charged Manslaughter rather than Murder,
> (2) provocation/passion/heat of blood is not an "element" of "Manslaughter" and
> (3) Manslaughter and Murder pertinently have the same elements.

The State is correct that "sudden passion" and "heat of blood" are not elements of the offense of manslaughter; instead, they are mitigatory factors like a defense. *State v. Lombard*, 486 So.2d 106 (La. 1986). Nevertheless, a survey of cases involving jury charges for manslaughter shows that the phrasing of "sudden passion" and "heat of blood" does not require omission. For example, in the recent case of *State v. Hollins*, 23-0785 (La. App. 1 Cir. 3/19/24), 387 So.3d 641, 650-51, *writ denied*, 24-00487 (La. 10/1/24), the trial court gave the following definition of manslaughter to the jury:

> Manslaughter is the killing of a human being when it is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection.

In *State v. Harvey*, 26,613 (La. App. 2 Cir. 1/25/95), 649 So.2d 783, 790-91, *writ denied*, 95-0430 (La. 6/30/95), 657 So.2d 1026, *and writ denied*, 95-0625 (La. 6/30/95), 657 So.2d 1028, the Second Circuit recited the trial court's jury charge for manslaughter in that case with approval:

> Instead of exactly duplicating the language of LSA–R.S. 14:31 by beginning the definition with "manslaughter is a homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder)," the trial court stated that "manslaughter is the killing of a human being when the defendant has a specific intent to kill or to inflict great bodily harm," followed by the qualifying language concerning "sudden passion or heat of blood."

In *State v. Fuentes*, 13-0957 (La. App. 1 Cir. 2/18/14), *writ denied*, 14-0501 (La. 10/3/14), 149 So.3d 793, the trial court read the following jury charge for manslaughter, in relevant part:

> Manslaughter is the killing of a human being when the defendant has a specific intent to kill or inflict great bodily harm, but the killing is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection…

In *State v. Tompkins*, 403 So.2d 644, 648 (La. 1981), the Court observed in Footnote 2 of its opinion:

> The judge, without objection by the state or the defense, instructed the jury concerning only this section of the statute,

mentioning that the other section was not applicable in this case. R.S. 14:31(1) provides:

"Manslaughter is:

"(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed".

The standard for reviewing jury charges requires that the charges be read as a whole. *State v. Hill*, 98-1087 (La. App. 5 Cir. 8/31/99), 742 So.2d 690, 698, *writ denied*, 99-2848 (La. 3/24/00), 758 So.2d 147. The State's application does not contain a complete set of jury charges to be read by the judge at trial to determine whether the State's proposed special charge is otherwise covered in the court's general charges.[1] Accordingly, our analysis is constrained to the limited record before us. We do not find a sufficient basis to disturb the trial court's ruling on the showing made and for the reasons stated. Accordingly, the State's writ application is denied.

Gretna, Louisiana, this 14th day of November, 2024.

**JJM**
**SMC**
**MEJ**

---

[1] The trial judge indicated that it intended to follow the "treatise" in giving the instruction on manslaughter to the jury. § 10:11. Manslaughter (R.S. 14:31), 17 La. Civ. L. Treatise, Criminal Jury Instructions § 10:11 (3d ed.) provides, in part, "Manslaughter is the killing of a human being when the defendant has a specific intent to kill or inflict great bodily harm but the killing is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection."

| | | |
|---|---|---|
| SUSAN M. CHEHARDY<br>CHIEF JUDGE | | CURTIS B. PURSELL<br>CLERK OF COURT |
| | | SUSAN S. BUCHHOLZ<br>CHIEF DEPUTY CLERK |
| FREDERICKA H. WICKER<br>JUDE G. GRAVOIS<br>MARC E. JOHNSON<br>STEPHEN J. WINDHORST<br>JOHN J. MOLAISON, JR.<br>SCOTT U. SCHLEGEL<br>TIMOTHY S. MARCEL | | LINDA M. WISEMAN<br>FIRST DEPUTY CLERK |
| JUDGES | | MELISSA C. LEDET<br>DIRECTOR OF CENTRAL STAFF |



**FIFTH CIRCUIT**

**101 DERBIGNY STREET (70053)**

**POST OFFICE BOX 489**

**GRETNA, LOUISIANA 70054**

www.fifthcircuit.org

(504) 376-1400

(504) 376-1498 FAX

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **11/14/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-501**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Raymond S. Steib, Jr. (DISTRICT JUDGE)
Darren A. Allemand (Relator)

Thomas J. Butler (Relator)
Davidson S. Ehle, III (Respondent)

### MAILED

Joseph A. Marino, III (Respondent)
Attorney at Law
501 Derbigny Street
Gretna, LA 70053

Honorable Paul D. Connick, Jr. (Relator)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053